**James EHLIS, Plaintiff/Appellant,**

**v.**

**ALBERTSON'S, INC., Defendant/Appellee.**

No. 01–36094.

D.C. No. CV–01–00138–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2003.

Decided May 19, 2003.

---

Before THOMAS and D.W. NELSON, Circuit Judges, and D. PREGERSON,\* District Judge.

## MEMORANDUM\*\*

James Ehlis appeals the district court's grant of summary judgment in favor of Albertson's, Inc. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

■ The district court properly granted summary judgment on Ehlis's state law discrimination claims. *See* Wash. Rev. Code § 49.60.180(2)-(3) (2000). Under Washington law, "the duty to reasonably accommodate an employee's handicap does not arise until the employee makes the employer aware of the disability." *Snyder v. Medical Serv. Corp. of Eastern Washington*, 145 Wash.2d 233, 35 P.3d 1158, 1161–62 (2001) (en banc) (citing *Pulcino v. Fed. Express Corp.*, 141 Wash.2d 629, 9 P.3d 787 (2000)).

Given the undisputed facts of this case, the district court correctly concluded that Albertson's did not receive the requisite disability notice. Ehlis claims he was acting under the influence of Benadryl during the time period at issue, but concedes that he did not inform his employer of that fact until a week later. Thus, it is undisputed that Albertson's had no actual notice of the alleged disability.

■ Ehlis's claim that his employer had constructive notice of the disability fails because he did not inform his employer adequately of the nature and extent of his disability during the relevant period. Under Washington law, informing an employer about a bee sting and taking two days

---

\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

off from work is not sufficient to put the employer on notice of a disability allegedly caused by medication for the problem. *See Hume v. American Disposal Co.,* 124 Wash.2d 656, 880 P.2d 988, 996 (1994).

The district court did not make an improper credibility determination in reaching its summary judgment decision as to Ehlis's theory of post-hoc discrimination, as Ehlis alleges. Rather, the district court correctly found on the basis of the record that there was no "credible, properly supported" evidence to support Ehlis's allegation of discriminatory demotion.

For these reasons, we conclude that the district court properly granted summary judgment. We need not reach any other legal question raised by the parties on appeal.

**AFFIRMED.**